Dbake, Oh. J.,
delivered the opinion of the court:
In'his petition, the claimant avers that he was the owner of the cotton, the proceeds of which are heroin claimed; but at the trial the case was not rested upon the mere ground of ownership. The sale of the cotton by him to the rebel government was not denied; but it was insisted that he has a legal right to reclaim the proceeds thereof, because, after the sale and before the cotton came into the possession of the agents of the United States, the rebel confederacy became insolvent, and therefore the bonds received by him in payment for the cotton were valueless, and he therefore has a right of stoppage in transitu to enforce his lien as a vendor for the unpaid purchase-money.
This is a new application of the doctrine of stoppage in trans-itu. We have always supposed that the right existed only as to the goods sold, and have not before known it to be claimed to extend to the proceeds of the property after its conversion into money by the vendee or those claiming under him.
*284 The right of stoppage in transitu is, moreover, a right growing out of contract. This court has no jurisdiction of any contract but such as the United States have entered into; but here is an attempt to enforce in this forum a contract alleged to have been entered into between the claimant and the rebel government. Of such contracts this court has no jurisdiction.
The right to enforce a vendor’s lien for the purchase-money of personal property sold rests upon the vendor’s not having been paid for the property. If he has been paid for it, there is no lien, and hence no right of stoppage. If the vendor knowingly accepts in payment that which is worthless, or accepts that which is at the time of value but afterward becomes worthless, he does not in either case, by the fact of worthlessness, acquire a right to reclaim the property sold.
It seems clear to us that the claimant had sold the cotton in question, and received payment in full for it according to his own agreement with the rebel government. When it was captured, he was holding it “subject to future delivery,” that is, subject to delivery whenever called for by that government; and if it had been so called for, he could not have withheld delivery. While the property was in this condition, the United States succeeded, by conquest, to all the rights of property of the rebel confederacy, and in virtue of that succession was entitled to seize this cotton and to sell it. And it is clear, from his own acts, that the claimant did not consider himself the owner of it, for he agreed with the United States Treasury agent to put the 177 bales in order, and receive one-third thereof as compensation for his services in that regard.
The petition of the claimant must be dismissed.